UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| 7-ELEVEN, INC., a Texas corporation,           Plaintiff,           v.           MADAN POPLI, an individual, d/b/a 7-SEVEN;           7-7-11 GAS & FOOD MART LLC, a Georgia Corporation, d/b/a 7-SEVEN;           LSP OF MIDDLE GEORGIA CORPORATION, a Georgia Corporation, d/b/a 7-SEVEN;           POPLI MANAGEMENT, INC., a Georgia corporation, d/b/a 7-SEVEN; and           MM GAS & FOOD MART INC., a Georgia corporation, d/b/a 7-SEVEN,           Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )        Case No. _____ |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND TRADEMARK DILUTION**

Plaintiff 7-Eleven, Inc. ("7-Eleven") complains against defendants Madan Popli, 7-7-11 Gas & Food Mart LLC, LSP of Middle Georgia Corporation, Popli Management, Inc., and MM Gas & Food Mart Inc. (collectively, "defendants"), doing business as 7-SEVEN, as follows:

4846-4284-7502.5

## COUNT I:  TRADEMARK INFRINGEMENT

1. Plaintiff, 7-Eleven, Inc., is a Texas Corporation having its principal place of business at One Arts Plaza, 1722 Routh Street, Suite 1000, Dallas, Texas 75201.

2. Defendant Madan Popli, upon information and belief, is not a citizen of Texas, and is a controlling principal of defendants (i) 7-7-11 Gas & Food Mart LLC, (ii) LSP of Middle Georgia Corporation, (iii) Popli Management, Inc., and (iv) MM Gas & Food Mart Inc.

3. Defendant 7-7-11 Gas & Food Mart LLC, upon information and belief, is a Georgia corporation having a registered business address at 4765 Riverside Drive, Macon, Georgia 31210, and is doing business there as 7-SEVEN.

4. Defendant LSP of Middle Georgia Corporation, upon information and belief, is a Georgia corporation having a registered business address at 1290 Gray Highway, Macon, Georgia, 31211 and is doing business there as 7-SEVEN.

5. Defendant Popli Management, Inc., upon information and belief, is a Georgia corporation having a registered business address at 2760 Montpelier Avenue, Macon, Georgia 31204, and is doing business as 7-SEVEN in Macon at 1904 Shurling Drive.

6. Defendant MM Gas & Food Mart Inc., upon information and belief, is a Georgia corporation having a registered business address at 2760 Montpelier Avenue, Georgia, 31204 and is doing business there as 7-SEVEN.

7. This Court has jurisdiction by virtue of the following facts: (1) this is a civil action arising under the United States Trademark Act, 15 U.S.C. §§ 1051 *et seq.*, jurisdiction being expressly conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a); and (2) this is a civil action in which plaintiff and defendants are citizens of different states and the value of the matter in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of

interest and costs, jurisdiction being expressly conferred in accordance with 28 U.S.C. § 1332(a). This Court has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1338(b).

8.  Venue is proper in the Middle District of Georgia in accordance with 28 U.S.C. § 1391(b) because a substantial part of the events or omissions that give rise to this claim have occurred in this judicial district.

9.  Since long prior to the acts of the defendants complained of herein, 7-Eleven has been engaged in the business, *inter alia*, of offering convenience store services and products to the general public at various locations throughout the United States.

10. 7-Eleven has provided its aforesaid convenience store services under the trade name and mark 7-ELEVEN since at least as early as 1946.

11. 7-Eleven has also offered gasoline under its 7-ELEVEN name and mark since as least as early as 1967.

12. There are currently over 7,000 convenience stores throughout the United States operated by 7-Eleven or its franchisees under the aforesaid 7-ELEVEN name and mark, many of which offer gasoline and related vehicle products.

13. 7-Eleven's 7-ELEVEN name and mark is frequently displayed, among other places, on signage affixed to or near convenience stores operated by 7-Eleven and its franchisees. A primary display of 7-Eleven's 7-ELEVEN name and mark is a multi-colored logo in the colors red, green and orange with the dominant element of an Arabic numeral "7" with a break between the horizontal element and the red curved vertical shank, and with the horizontal element displayed in a different color than the red curved vertical shank. The red curved vertical shank is

intersected by the term "ELEVEN" displayed in green letters, with the whole displayed on a white background ("7-ELEVEN Logo"), as depicted below:



14. Since at least as early as February 1992, 7-Eleven has offered each of its aforesaid convenience store services and retail store services featuring gasoline under a multi-colored striped mark featuring the colors orange, green, and red ("7-Eleven Striped Mark").

15. 7-Eleven's 7-ELEVEN name, mark, logo, and striped mark are also frequently displayed both on canopies over gas pumps and directly on gas pumps, as depicted below:



16. Since long prior to the acts of the defendants complained of herein, 7-Eleven and its franchisees annually have sold nationally billions of dollars of products and services under its

4

aforesaid 7-ELEVEN name, mark, and logo, and 7-Eleven Striped Mark, and have annually spent millions of dollars to advertise and promote those products and services nationally under the aforesaid 7-ELEVEN name, mark, and logo, and 7-Eleven Striped Mark.

17. By virtue of the aforesaid extensive use, advertising, and promotion, each of 7-Eleven's aforesaid 7-ELEVEN name, mark, and logo, and 7-Eleven Striped Mark have became famous and extremely well known among consumers, and have acquired a strong secondary meaning signifying 7-Eleven long before the acts of the defendants complained of herein.

18. 7-Eleven has registered its aforesaid 7-ELEVEN name, mark, and logo, and 7-Eleven Striped Mark in the United States Patent and Trademark Office. Such registrations include, but are not limited to, the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
| --- | --- | --- | --- |
| [7-ELEVEN logo] | 718,016 | 07/04/1961 | Retail grocery service |
| 7-ELEVEN | 896,654 | 08/11/1970 | Retail grocery store service |
| [7-ELEVEN logo] | 920,897 | 09/21/1971 | Retail grocery store services |
| [7-ELEVEN logo] | 961,594 | 06/19/1973 | Various flavors of soft drinks |
| [7-ELEVEN logo] | 1,035,454 | 03/09/1976 | Sandwiches |

4846-4284-7502.5

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| [7-ELEVEn logo] | 1,288,594 | 08/07/1984 | Gasoline |
| [7-ELEVEn logo] | 1,402,425 | 07/22/1986 | Soft drinks for consumption on or off the premises |
| 7-ELEVEN | 1,702,010 | 07/21/1992 | Coffee for consumption on or off the premises |
| 7-ELEVEN | 2,152,472 | 04/21/1998 | Telephone calling card services |
| [7-ELEVEn logo] | 2,642,740 | 10/29/2002 | Coffee, and semi-frozen flavored coffee-based beverages, for consumption on or off the premises; Soft drinks and semi-frozen soft drinks for consumption on or off the premises |
| 7-ELEVEN | 2,685,684 | 02/11/2003 | Retail store services featuring gasoline and retail store services featuring convenience store items |
| [7-ELEVEn logo] | 2,751,552 | 08/19/2003 | Clothing, namely caps; Sporting goods, namely golf balls |
| 7-ELEVEN | 2,765,976 | 09/23/2003 | Pens and stationery-type portfolios; Clothing, namely caps, jackets, shirts; Sporting goods, namely golf balls |
| [7-ELEVEn logo] | 2,834,419 | 04/20/2004 | Retail convenience store services |
| 7-ELEVEN | 2,914,788 | 12/28/2004 | Gasoline |

6

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| 7-ELEVEN | 3,338,512 | 11/20/2007 | Gift card services and debit card services |
| (7-Eleven logo) | 3,679,337 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |
| (7-Eleven logo) | 3,679,341 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |

19. The aforesaid registrations are valid, subsisting, and owned by 7-Eleven, and Reg. Nos. 718,016; 896,654; 920,897; 961,594; 1,035,454; 1,288,594; 1,402,425; 1,702,010; 2,152,472; 2,642,740; 2,685,684; 2,834,419; and 2,914,788 are now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b).

20. 7-Eleven has registered its aforesaid 7-Eleven Striped Mark in the United States Patent and Trademark Office.  Such registrations include, but are not limited to, the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| Tri-Color Stripe Design | 2,135,385 | 02/10/1998 | Retail convenience store services |
| Tri-Color Stripe Design | 2,295,753 | 11/30/1999 | Retail gasoline station services |

21. The aforesaid registrations are valid, subsisting, and owned by 7-Eleven, and Reg. Nos. 2,135,385 and 2,295,753 are now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b).

22. 7-Eleven now owns a most valuable goodwill which is symbolized by each of its aforesaid trade identities (the 7-ELEVEN name, mark, and logo, and 7-Eleven Striped Mark),

and the use of each of these trade identities substantially increases the value of 7-Eleven's and its franchisees' 7-ELEVEN stores and the salability of the goods sold through them.

23. Long subsequent to the aforesaid acquisition of fame and secondary meaning of 7-Eleven's aforesaid trade identities, upon information and belief, defendants commenced simulating the 7-ELEVEN name, mark, and logo by adopting and using the name and mark 7-SEVEN for convenience store services as a multi-colored logo in the colors red and green with the dominant element of an Arabic numeral "7" with a break between the horizontal element and the red curved vertical shank, and with the horizontal element displayed in a different color than the red curved vertical shank which is intersected by the term "SEVEN" displayed in green letters, with the whole displayed on a white background ("7-SEVEN Logo"), as depicted below:



4846-4284-7502.5

| 1904 Shurling Drive |  |
|---|---|
| 2760 Montpelier Avenue | |

24.     Long subsequent to the aforesaid acquisition of fame and secondary meaning of 7-Eleven's aforesaid trade identities, upon information and belief, defendants Madan Popli and Popli Management, Inc., commenced simulating the 7-Eleven Striped Mark by adopting and using a multi-colored striped mark featuring the colors green and red for convenience store services ("7-SEVEN Striped Mark") in Macon, Georgia at 1904 Shurling Drive (the "Shurling Drive Location") as depicted below:



9

4846-4284-7502.5

25. Upon information and belief, defendants adopted the 7-SEVEN name, mark, and logo, and defendants Madan Popli and Popli Management, Inc. (at the Shurling Drive Location) adopted the 7-SEVEN Striped Mark for convenience store services, in order to trade upon the fame and goodwill represented by 7-Eleven's aforesaid trade identities.

26. Upon information and belief, defendants have acted willfully and in bad faith in perpetrating the above deceptive trade practices.

27. Defendants' use of each of the 7-SEVEN name, mark, and logo, and defendants Madan Popli and Popli Management, Inc.'s use of the 7-SEVEN Striped Mark at the Shurling Drive Location, falsely and deceptively represents that defendants' convenience store services and products emanate from 7-Eleven, or are connected with, sponsored, or approved by 7-Eleven, and defendants' use is likely to cause confusion with 7-Eleven's or its franchisees' use of 7-Eleven's aforesaid famous 7-ELEVEN name, mark, and logo or otherwise to cause deception or mistake as to source, sponsorship, or approval of defendants' aforesaid convenience store services and products. Defendants Madan Popli and Popli Management, Inc.'s use of the 7-SEVEN Striped Mark at the Shurling Drive Location is also likely to cause confusion with 7-Eleven's or its franchisees' use of 7-Eleven's 7-Eleven Striped Mark or otherwise to cause deception or mistake as to source, sponsorship, or approval of defendants' aforesaid convenience store services and products.

28. The aforesaid unauthorized use of each of defendants' 7-SEVEN name, mark, and logo infringes 7-Eleven's 7-ELEVEN name, mark, and logo, in violation of 7-Eleven's federal trademark rights under the Lanham Act, 15 U.S.C. §§ 1051 et seq., particularly 15 U.S.C. § 1114.

29. The aforesaid unauthorized use by defendants Madan Popli and Popli Management, Inc. at the Shurling Drive Location of the 7-SEVEN Striped Mark infringes 7-Eleven's 7-Eleven Striped Mark, in violation of 7-Eleven's federal trademark rights under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, particularly 15 U.S.C. § 1114.

30. Defendants' aforesaid acts are greatly and irreparably damaging to 7-Eleven and will continue to damage 7-Eleven until enjoined by this Court; wherefore, 7-Eleven is without adequate remedy at law.

## COUNT II: FEDERAL UNFAIR COMPETITION

31. 7-Eleven realleges and incorporates paragraphs 1 through 17, 22 through 27 and 30 of this Complaint herein.

32. The aforesaid unauthorized use of each of defendants' 7-SEVEN name, mark, and logo, and defendants Madan Popli and Popli Management, Inc.'s use of the 7-SEVEN Striped Mark at the Shurling Drive Location constitutes a misleading use of a word, term, name, symbol, trade dress, or device, or a combination thereof, in violation of 7-Eleven's rights under the Lanham Act, 15 U.S.C. §§ 1051 et seq., particularly 15 U.S.C. § 1125(a).

## COUNT III: GEORGIA DECEPTIVE TRADE PRACTICES

33. 7-Eleven realleges and incorporates paragraphs 1 through 17, 22 through 27 and 30 of this Complaint herein.

34. The aforesaid unauthorized use of each of defendants' 7-SEVEN name, mark, and logo, and defendants Madan Popli and Popli Management, Inc.'s use of the 7-SEVEN Striped Mark at the Shurling Drive Location constitutes engagement in deceptive trade practices that are greatly damaging to 7-Eleven, in violation of the Uniform Deceptive Trade Practices Act of the State of Georgia, O.C.G.A. §§ 10-1-370 *et seq.*

## COUNT IV: GEORGIA COMMON LAW UNFAIR COMPETITION

35. 7-Eleven realleges and incorporates paragraphs 1 through 17, 22 through 27 and 30 of this Complaint herein.

36. The aforesaid unauthorized use of each of defendants' 7-SEVEN name, mark, and logo, and defendants Madan Popli and Popli Management, Inc.'s use of the 7-SEVEN Striped Mark at the Shurling Drive Location constitutes unfair competition under the common law of the State of Georgia, O.C.G.A. § 23-2-55.

## COUNT V: FEDERAL TRADEMARK DILUTION

37. 7-Eleven realleges and incorporates paragraphs 1 through 26, and 30 of this Complaint herein.

38. Since long prior to the acts of defendants complained of herein, each of the 7-ELEVEN name, mark, and logo, and 7-Eleven Striped Mark have become famous within the meaning of 15 U.S.C. § 1125(c)(2)(A).

39. The aforesaid unauthorized use of each of defendants' 7-SEVEN name, mark, and logo dilutes the distinctiveness of 7-Eleven's 7-ELEVEN name, mark, and logo, and defendants Madan Popli and Popli Management, Inc.'s use of the 7-SEVEN Striped Mark at the Shurling Drive Location dilutes the distinctiveness of 7-Eleven's 7-Eleven Striped Mark, in violation of 7-Eleven's rights under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, particularly 15 U.S.C. § 1125(c).

## COUNT VI: GEORGIA STATE TRADEMARK DILUTION

40. 7-Eleven realleges and incorporates paragraphs 1 through 26, and 30 of this Complaint herein.

41.     The aforesaid unauthorized use of each of defendants' 7-SEVEN name, mark, and logo dilutes the distinctiveness of 7-Eleven's 7-ELEVEN name, mark, and logo, and defendants Madan Popli and Popli Management, Inc.'s use of the 7-SEVEN Striped Mark at the Shurling Drive Location dilutes the distinctiveness of 7-Eleven's 7-Eleven Striped Mark in violation of Georgia's Anti-Dilution Statute, O.C.G.A. § 10-1-451(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff 7-Eleven, Inc. prays that:

Defendants Madan Popli, Popli Management, Inc., 7-7-11 Gas & Food Mart LLC, LSP of Middle Georgia Corporation, and MM Gas & Food Mart Inc. and each of their partners, officers, agents, servants, employees, and attorneys, and all those in active concert or participation, be permanently enjoined from:

a.      using the 7-SEVEN name, mark, or logo for convenience stores or related products or services;

b.      using the 7-SEVEN Striped Mark for convenience stores or related products or services;

c.      using any name, mark, logo, or other trade identity consisting in whole or in part of the numerals "7" or "11" or the words "seven" or "eleven" for convenience stores or related products or services;

d.      using any other name, mark, logo, or trade dress displayed in any color combination, with or without additional colors, which includes in combination two or more of the colors red, green, orange, and white; or any design element which includes any numeral, design, or other graphic element intersected by another numeral or word,

13

design, or other graphic element, or horizontal stripes, for convenience store or related products or services;

 e. using any other name, mark, or logo which is a reproduction, counterfeit, copy, or colorable imitation of 7-Eleven's 7-ELEVEN name, mark, logo, or 7-Eleven Striped Mark;

 f. doing any other act or thing likely to confuse, mislead, or deceive others into believing that defendants, their services, or products emanate from 7-Eleven or are connected with, sponsored by, or approved by 7-Eleven;

 g. doing any other act or thing likely to dilute the distinctiveness of 7-Eleven's trade identities including the 7-ELEVEN name, mark, and logo, or 7-Eleven Striped Mark; and

 h. aiding or assisting any person engaging in any of the acts prohibited by sub-sections (a) through (g) above.

42. The defendants, jointly and severally, be required to pay to 7-Eleven the following concerning 7-Eleven's 7-ELEVEN name, mark, and logo:

 a. in accordance with 15 U.S.C. § 1117(a), three times such damages as 7-Eleven has suffered as a result of defendants' acts of infringement, unfair competition, and dilution, three times all profits wrongfully derived by defendant from such acts, and 7-Eleven's costs, including reasonable attorney's fees;

 b. in accordance with O.C.G.A. § 10-1-373, 7-Eleven's costs, including reasonable attorney's fees;

      c.     in accordance with the common law of the State of Georgia, restitution and actual damages suffered as a result of defendant's acts of unfair competition, as well as punitive damages in a sum sufficient to deter future acts of unfair competition.

43.     That defendants Madan Popli and Popli Management, Inc., jointly and severally, be required to pay to 7-Eleven the following concerning 7-Eleven's 7-Eleven Striped Mark:

      a.     in accordance with 15 U.S.C. § 1117(a), three times such damages as 7-Eleven has suffered as a result of defendants' acts of infringement, unfair competition, and dilution, three times all profits wrongfully derived by defendant from such acts, and 7-Eleven's costs, including reasonable attorney's fees;

      b.     in accordance with O.C.G.A. § 10-1-373, 7-Eleven's costs, including reasonable attorney's fees;

      c.     in accordance with the common law of the State of Georgia, restitution and actual damages suffered as a result of defendant's acts of unfair competition, as well as punitive damages in a sum sufficient to deter future acts of unfair competition.

44.     The defendants be required, in accordance with 15 U.S.C. § 1118, to deliver up to 7-Eleven for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in his possession bearing the 7-SEVEN name, mark, or logo, or the 7-SEVEN Striped Mark, or any other reproduction, counterfeit copy or colorable imitation of 7-Eleven's 7-ELEVEN name, mark, or logo, or 7-Eleven Striped Mark, and all plates, models, matrices, and other means of making the same.

45.     The defendants be required, in accordance with 15 U.S.C. § 1116(a), to file with the Court, and service upon 7-Eleven, a report in writing, under oath, setting forth in detail the

manner and form in which defendants have complied with the terms of any injunction entered by this Court.

46. 7-Eleven have such other and further relief as the Court deems just and equitable.

Dated: March 11, 2013

Respectfully submitted,

7-ELEVEN, INC.

**Local Counsel:**

/s/ Stuart E. Walker
Stuart E. Walker
Georgia Bar No. 141620

MARTIN SNOW, LLP
240 Third Street
Macon, Georgia 31201
Telephone: 478-750-2589
Facsimile: 478-743-4203
sewalker@martinsnow.com

**Lead Counsel:**

Craig S. Fochler
cfochler@foley.com
(*pro hac vice* petition pending)

Tara E. Langvardt
tlangvardt@foley.com
(*pro hac vice* petition pending)

FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654

Telephone: 312-832-4500
Facsimile: 312-832-4700

*Attorneys for Plaintiff,*
*7-Eleven, Inc.*